FARM CREDIT BANK OF SPOKANE, a corporation successor by merger to The Federal Lane Bank of Spokane, Plaintiff,

v.

Julius M. DEBUF and Virginia Debuf, husband and wife, John L. Debuf, Gayla T. Zinnecker, First National Bank of Lewistown, a corporation, United States of America, acting through the Small Business Administration, and FBS Credit Services, Inc., a Minnesota corporation, Defendants.

SMALL BUSINESS ADMNISTRATION, Cross–Claimant,

v.

Julius M. DEBUF and Virginia Debuf, Cross–Claim Defendants.

Julius M. DEBUF, Virginia Debuf, John L. Debuf, and Gayla T. Zinnecker, Counter–Claimants,

v.

FARM CREDIT BANK OF SPOKANE, a corporation, successor by merger to The Federal Land Bank of Spokane, Counter–Defendant.

No. CV 89–54–BLG–JFB.

United States District Court, D. Montana, Billings Division.

Feb. 26, 1990.

Leonard H. McKinney Lewistown, Mont., Gregory G. Murphy, Moulton Law Firm, Billings, Mont., for plaintiff.

Klaus P. Richter, Asst. U.S. Atty., Billings, Mont., for defendants.

John Christensen, Stanford, Mont., for Julius & Virginia Debuf and Gayla Zinnecker.

## MEMORANDUM AND ORDER

BATTIN, District Judge.

Presently pending before the Court are plaintiff's Motion to Strike Affirmative Defense, Motion to Dismiss Counterclaim, and Motion to Strike Demand for Jury Trial. Plaintiff has also moved to strike a supplemental memorandum filed by defendant after the time that the other motions were argued, deemed submitted and taken under advisement. After full and careful consideration of the various motions, the Court now rules as follows.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff initiated this foreclosure action in the Montana State District Court, Fourteenth Judicial District, Wheatland County. The matter was removed to this Court by the United States, based upon the presence of the United States as a defendant, under 28 U.S.C. § 1444. Plaintiff alleges that on two occasions, defendants Julius M. Debuf and Virginia Debuf executed promissory notes in favor of the Farm Credit Bank of Spokane, its predecessor in interest. These notes were secured by mortgages on real property located in Wheatland County, Montana. The first note was executed by defendants on April 22, 1980 in a principal amount of $210,000.00, evidencing a loan to them by plaintiff in that amount. The second promissory note was executed on October 28, 1981, in the principal amount of $56,000.00, evidencing a loan in that amount.

Defendants are in default on the notes, and plaintiff has declared all sums owing under the notes and mortgages due and payable in full. The total amount due on the first note, as of January 24, 1989, was calculated by plaintiff at $285,199.14, together with interest. The total amount due on the second note, as of January 24, 1989, is calculated at $76,543.44. Plaintiff seeks judgment in those amounts, plus the amounts of other sums advanced and attorneys fees incurred in this action, as well as foreclosure of the mortgages in question.

Defendants Julius M. Debuf, Virginia Debuf, John L. Debuf and Gayla T. Zinnecker (hereafter "Debufs") answered the Complaint, asserting as an affirmative defense plaintiff's alleged failure to follow procedures required by the Agricultural Credit Act of 1987, and regulations promulgated thereunder, which required plaintiff to engage in a good faith attempt to restructure defendants' delinquent loan balances. Defendants allege that plaintiff routinely denied their restructure application and failed to negotiate a settlement in good faith. Defendants also asserted counterclaims against plaintiff for denial of due process, breach of duties relating to the preparation and evaluation of a restructure plan, and breach of an implied covenant of good faith and fair dealing. These counterclaims also arise directly out of plaintiff's handling of defendants' application for re-

structure of their loan balance, and the alleged breach of duties and regulations pertaining thereto.

Plaintiff filed the present motions, arguing that the Agricultural Credit Act of 1987 and the regulations relied upon by defendants do not give rise to a private right of action, nor do they constitute an affirmative defense to these foreclosure proceedings. Plaintiff therefore asks the Court to strike the affirmative defense, and dismiss the counterclaims asserted by defendants. Plaintiff further argues that defendants are not entitled to a jury trial in this equitable foreclosure action, and asks that their request for a jury trial be stricken.

Defendants oppose the motions, asking the Court to recognize a private right of action to seek judicial enforcement of the restructuring provisions of the Act, and asserting that failure to comply with those provisions constitutes an equitable defense to foreclosure. Defendants further argue that the counterclaims asserted by them are legal, not equitable, claims implicating the Seventh Amendment right to a jury trial.

### DISCUSSION

■ At the outset, the Court notes that plaintiff objects to defendants' filing of a Supplemental Memorandum in opposition to plaintiff's Motions to Strike and Dismiss, and asks that the Court strike the Memorandum from the record in this case. Plaintiff correctly states that there is no authorization, under the Federal Rules of Civil Procedure or the Local Rules of this Court, for the filing of such a memorandum after the motions have been orally argued, deemed submitted and taken under advisement by the Court. In the event that counsel wished to direct the Court's attention to additional authority bearing on the motions, a more proper course of action would have been to seek leave of the Court to file a supplemental brief or memorandum of law. However, plaintiff has not shown that it will be prejudiced by the Court's consideration of the additional authority submitted by defendants, and in any event consideration of the supplemen-

tal memorandum does not alter the Court's analysis of the issues presented by the motions. As such, plaintiff's Motion to Strike the supplemental memorandum is denied. The Court nevertheless refers defendants to Rule 220–1 of the Local Rules of Procedure for the District of Montana, which specifies the proper briefing schedule for motions before this Court.

### I. *Motion to Dismiss Counterclaims*

■ Plaintiff first moves to dismiss the counterclaims asserted by defendants, arguing that the restructure regulations promulgated under the Farm Credit Act of 1987 do not give rise to a private right of action. The Court finds that the recent ruling of the Ninth Circuit Court of Appeals in *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172 (9th Cir.1989) is dispositive of this Motion. In *Harper*, the Court held that there is no private right of action under the 1987 Act, 12 U.S.C. §§ 2001–2279aa–14, or any of the predecessor statutes or regulations in force prior to the 1987 Act, including the Farm Credit Act of 1971. *Id.* at 1177. In so ruling the Court noted that "Congress provided administrative remedies to borrowers and we find the legislative history to be ambiguous". *Id.* In so ruling, the Ninth Circuit "[joined] the several other courts which have also rejected an implied right of action under the 1987 Act." *Id.* (citations omitted). The absence of an implied right of action precludes the assertion of counterclaims for damages and injunctive relief by defendants, arising out of alleged violation of the restructure provisions of the Act. The counterclaims are therefore properly dismissed.

Defendants urge this Court to adopt the reasoning of the Eighth Circuit in *Zajac v. Federal Land Bank of St. Paul*, 887 F.2d 844 (8th Cir.1989), wherein that Court found that "farmer-borrowers have a private right of action to enforce the borrower's rights provision of the Act". *Id.* at 856. However, as plaintiff has pointed out, that decision was vacated on December 7, 1989 and rehearing *en banc* set for January 19, 1990. No ruling has yet been made

on rehearing. Further, and more importantly, this Court is bound by the contrary decision reached by the Ninth Circuit in *Harper.*

## II. *Motion to Strike Affirmative Defense*

 Next, plaintiff asks the Court to strike the affirmative defense asserted by defendants, which essentially is that plaintiff's failure to engage in good faith negotiations for the restructure of defendants' loans constitutes a defense to foreclosure. Plaintiff's motion is again based primarily on the lack of a private right of action under the 1987 Act, under *Harper.* However, the Court is reluctant to read *Harper* so broadly as meaning that a failure to afford restructuring rights may not be raised as an equitable defense to foreclosure. In fact, the Ninth Circuit expressly recognized the "apparent right in some states of a borrower to allege the failure to afford restructuring rights as an affirmative defense to foreclosure." *Harper,* 878 F.2d at 1179 (citing *Federal Land Bank of St. Paul v. Bosch,* 432 N.W.2d 855, 858–59 (N.D.1988); *Federal Land Bank of St. Paul v. Overboe,* 404 N.W.2d 445, 449 (N.D.1987).

Montana law determines the availability of the restructure defense asserted by defendants. *See, Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Montana Supreme Court has not addressed the question of whether alleged violation of the restructure provisions of the 1987 Act may be raised as an equitable defense to foreclosure. In ruling on this issue, this Court must attempt to determine how the Montana Court would rule if faced with that issue, and rule accordingly. *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir.1985) (citations omitted).

Recent decisions in another division of this Court are of great assistance in resolving this question. In *Farm Credit Bank of Spokane v. Parsons,* No. CV–89–048–GF (D.Mont.1989), the Court ruled that the de-fense is available in Montana, after noting the flexible approach taken by Montana courts in resolving equitable issues. *Id.* However, the Court "took pains to emphasize the limited nature of the court's inquiry by reiterating [that]:

> [A]dopting non-compliance with the forbearance regulation as a valid defense to a foreclosure is not synonymous with allowing a foreclosure court to substitute its judgment for that of the [Federal Land Bank's] loan officer. We recognize that courts have neither the training nor the experience of bank loan officers in making loan servicing decisions. *c.f., Federal Land Bank of Wichita v. Read,* 237 Kan. 751, 703 P.2d 777, 780 (1985). Therefore, we believe a court's inquiry should be limited in scope. . . . [When the forbearance defense has been raised by a borrower in a foreclosure action . . .] the court's function is not to determine whether the bank reached a correct or incorrect conclusion on the borrower's qualifications for forbearance relief, but is to determine only whether the borrower's qualifications for the relief were considered by the bank at all."

*Farm Credit Bank of Spokane v. Nilsen,* No. CV–89–051–GF (D.Mont.1989) (quoting *Federal Land Bank of St. Paul v. Overboe,* 404 N.W.2d 445, 449 (N.D.1987)).

 This Court agrees with the conclusion of its sister Court, that non-compliance with regulations concerning borrower's restructure rights may be asserted by defendants as an equitable defense to foreclosure, and with the stated limitations on the scope of the Court's inquiry in ruling on such a defense. Plaintiff's motion to Strike this affirmative defense must therefore be denied.[1]

## III. *Motion to Strike Jury Demand*

 Finally, plaintiff moves to strike defendants' Demand for a Jury Trial, on the basis that this foreclosure action is one in

---

1. Defendants, in their written briefs and at oral argument, have set forth the facts which they rely upon in asserting that the restructure procedure afforded them by plaintiff was inadequate. However, the factual question of plain-tiff's compliance (or lack thereof) with the applicable regulations is not properly before the Court on this Motion to Strike, and it would be inappropriate to make such a determination at this time.

**1110**

equity, and that defendants are not entitled to a jury trial of the issues raised. In light of the Court's determination that defendants may assert noncompliance with the restructure regulations only as an equitable defense to foreclosure and not as a legal counterclaim, defendants motion to strike the jury demand is well taken. *See, Gray v. City of Billings*, 213 Mont. 6, 689 P.2d 268 (1984); *Downs v. Smyk*, 200 Mont. 334, 651 P.2d 1238 (1982) ("right to trial by jury does not attach to cases in equity").

Based on the foregoing,

IT IS ORDERED that plaintiff's Motion to Dismiss the counterclaims and Motion to Strike the demand for jury trial be and are hereby granted.

IT IS FURTHER ORDERED that plaintiff's Motion to Strike Affirmative Defense be and is hereby denied.

The Clerk is directed forthwith to notify counsel for the respective parties of the making of this order.